J. S31032/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEFFREY TAYLOR, | : | No. 1548 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 15, 2016,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0000812-1996

BEFORE:  PANELLA, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 21, 2017**

Jeffrey Taylor appeals **pro se** from the September 15, 2016 order entered in the Court of Common Pleas of Allegheny County which dismissed, without a hearing, his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reflects that on November 9, 1995, appellant and his cohorts, Anthony Martin and Paris James, met in the Hill District section of the City of Pittsburgh and decided to rob a jitney driver.  The trio then came upon the victim at a jitney station and hired him to take them to another part of the Hill District.  While driving to that location, James pulled out a shotgun and ordered the victim to stop the car and exit the vehicle. Appellant and Martin then ordered the victim into the trunk of the car. Following a brief struggle, appellant and Martin forced the victim into the

trunk. The trio drove to a gas station in the Oakland Section of Pittsburgh. At the gas station, James held a shotgun on the attendants while appellant and Martin robbed them of $60. Following the robbery, James and Martin dropped appellant off and then drove to a ballfield where the victim was shot 6 to 8 times in the head and body. In his statement to police, appellant stated that he knew that the victim was going to be killed because he knew of a previous incident of a similar nature where James and Martin robbed a jitney driver, put him in the trunk, and killed him. ***Commonwealth v. Taylor***, 831 A.2d 587, 589 (Pa. 2003).

A jury convicted appellant of robbery, robbery of a motor vehicle, kidnapping, conspiracy, and involuntary manslaughter.[1] The trial court sentenced appellant to terms of imprisonment of: (1) 5 to 20 years for robbery; (2) 5 to 20 years for robbery of a motor vehicle; (3) 5 to 20 years for kidnapping; (4) 5 to 20 years for conspiracy; and (5) 2½ to 5 years for involuntary manslaughter. The court imposed all sentences consecutively, arriving at an aggregate sentence of 22½ to 85 years of incarceration. ***Id.***

Appellant timely appealed the judgment of sentence, contending, among other things, that the sentence of 2½ to 5 years of imprisonment imposed for involuntary manslaughter violated the then-applicable sentencing guidelines. A panel of this court agreed and, on July 30, 1999,

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i), 3702, 2901(a)(2), 903(a)(1), and 2504, respectively.

remanded the matter to the trial court for resentencing on the involuntary manslaughter conviction. Following remand, and for reasons unknown, the trial court imposed no additional sentence on the involuntary manslaughter conviction. Therefore, appellant received an aggregate term of imprisonment of 20 to 80 years. At this point, appellant sought no further direct review. *Id.* at 589-590.

Appellant filed his first PCRA petition on September 26, 2000, the denial of which was affirmed by our supreme court on September 10, 2003. *Id.* at 587. Appellant filed his second PCRA petition on October 27, 2014, the dismissal of which was affirmed by a panel of this court on May 11, 2016. *Commonwealth v. Taylor*, No. 1229 WDA 2015, unpublished memorandum (Pa.Super. filed May 11, 2016). Appellant filed the instant PCRA petition, his third, on August 10, 2016, which the PCRA court dismissed on September 15, 2016. Appellant filed a timely notice of appeal to this court and timely complied with the PCRA court's order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court dismissed the petition after finding it "patently frivolous" and "without support [in] the record." (Order of court, 9/15/16.)

Appellant now raises the following issues for our review:

> Did the Sentencing Court error [sic] in imposing
> separate convictions of Kidnapping, Robbery,
> Robbery of a Motor Vehicle, Criminal Conspiracy and
> Involuntary Manslaughter? Would the Honorable

> Court agree that the conviction [sic] should have merged because it was a single victim and a single transaction and not a prior conviction?

Appellant's brief at 4 (capitalization in original; spacing errors corrected).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on March 30, 1998. Appellant filed a timely direct appeal to this court. On July 30, 1999, this court affirmed appellant's convictions, but vacated appellant's judgment of sentence on the involuntary manslaughter conviction and remanded to the trial court for resentencing on involuntary manslaughter. On remand, the trial court imposed no further sentence on the involuntary manslaughter

conviction. The record further reflects that appellant did not seek discretionary review of this court's decision by our supreme court. Consequently, appellant's judgment of sentence became final on August 30, 1999,[2] at the expiration of time for seeking discretionary review by our supreme court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed October 27, 2014, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has newly discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a

---

[2] We note that August 29, 1999, was a Sunday, which day is omitted from the filing date deadline. *See* 1 Pa.C.S.A. § 1908 incorporated by reference into the Rules of Appellate Procedure, Pa.R.A.P. 107 (omitting Saturdays, Sundays, and legal holidays from time computations).

valid exception to the PCRA time bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, at the outset, we note that appellant's brief is largely incomprehensible. To the extent that appellant claims his sentence is illegal, it is well settled that even though the legality of sentence is always subject to PCRA review, such a claim must still first satisfy the PCRA's time limits. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super. 2005) (citation omitted). Here, appellant's petition fails to satisfy the PCRA's time limits. Therefore, we are without jurisdiction to entertain any claim that appellant may be attempting to advance regarding the legality of his sentence.

With respect to the statutory exceptions to the jurisdictional time bar in Section 9545(b)(1)(i)-(iii), it is clear that appellant neither pleads nor proves the applicability of government interference or a newly discovered fact. He does state that he "has come to learn that 18 Pa.C.S.A. § 903(a)(1) does not hold to multiple crimes." (Appellant's brief at 10.) To the extent that appellant claims that his interpretation of the criminal conspiracy statute under which he was convicted excepts him from the jurisdictional time bar under Section 9545(b)(1)(iii), appellant is mistaken simply because his interpretation of this statute in no way constitutes a new constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court that may apply to him retroactively.

Therefore, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/21/2017